IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NICHOLAS MAZZA | CRIMINAL DOCKET CASE#:<br>1:14-CR-446-LMM |

### SENTENCING MEMORANDUM

Comes Now, NICHOLAS MAZZA, by and through undersigned counsel, and files this Sentencing Memorandum, pursuant to 18 U.S.C. § 3553 to assist the Court at Mr. Mazza's sentencing scheduled for July 15, 2016.

### Background

Mr. Mazza is a 67 year old father, married for 47 years, who has pled guilty to distribution of child pornography, in violation of Title 18 U.S.C. § 2252(a)(2) and 2252(b)(1). The distribution in question involved peer to peer file sharing via the internet. While monitoring a particular website, agents were able to download child pornography videos which ultimately led to the identification of Mr. Mazza as the owner of the IP address from which the videos in question were downloaded. Mr. Mazza was completely cooperative when confronted by the agents regarding the offense conduct and is extremely ashamed and remorseful for his behavior. This single count of conviction provides a range of sentencing from a mandatory minimum

of five (5) years to no more than twenty (20) years of imprisonment. The PSR has calculated an advisory sentencing guideline range of 151-188 months. Pursuant to the plea agreement, the Government has agreed to recommend a sentence of 87 months. However, Mr. Mazza is authorized to request a sentence of no more than the mandatory minimum of five years. Mr. Mazza submits that the recommended term of imprisonment as calculated in the presentence report as well as that recommended by the Government, does not seem reasonable or rational under the facts and circumstances of his case. Based on Mr. Mazza's history and characteristics to include his age, his medical history and lack of a criminal record, Mr. Mazza requests that this Honorable Court sentence him to the mandatory minimum term of imprisonment of five (5) years authorized by the statute for the instant offense.

Such a sentence is more reasonable when considered in light of the sentencing factors set act in 18 U.S.C. § 3553(a) and provide not only a penalogical but also a deterrent effect.

## ARGUMENT AND AUTHORITY

1.   **Reasonable Sentence Pursuant to 18 U.S.C. § 3553(a)**.

In *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456 (2007), the Supreme Court made it clear that there is no presumption of reasonableness of a within the guideline range sentence by a sentencing court, as opposed to an appellate court. Instead, the sentencing court <u>must</u> appropriately apply the § 3553 factors.

The effect of *Booker* and *Rita* is that federal district courts must consider the seven factors set forth by § 3553(a) in determining a sentence:

(1)   the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)   the need for the sentence imposed-

  (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B)   to afford adequate deterrence to criminal conduct;

  (C)   to protect the public from further crimes of the defendant; and

  (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)   the kinds of sentences available;

(4)   [the applicable Sentencing Guidelines];

(5)   any pertinent [Sentencing Guidelines] policy statement;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victim of the offense.

Section 3553(a) embodies the "parsimony principle," which requires a district court to "assign a sentence 'sufficient, but not greater than necessary to comply with the purpose' of sentencing" set forth in § 3553(a)(2). *United States v. Lacy*, 99 F.Supp. 369, 378 (E.D.N.Y. 1994) ("parsimony" is a "key provision" of § 3553(a)), *vacated on other grounds*, *United States v. DeRiggi*, 45 F.3d 713 (2d Cir. 1995); *see also generally* ABA STANDARDS OF CRIMINAL JUSTICE § 18-2.4 (sentences "imposed, taking into account the gravity of the offense, should be no more than necessary to achieve the social purposes for which they are authorized"). Sentencing under § 3553(a) therefore requires the Court to start with the minimum sentence permissible and add only so much additional punishment, if any, as necessary to comply with § 3553(a)'s purposes.

In applying the parsimony principle, courts are required to consider each of the factors listed in § 3553. As noted above, however, the guideline range is only one of the many factors that the Court is required to consider under *Booker*.

In the instant case, the history and characteristics of Mr. Mazza as detailed in the Presentence report, along with the character letters, attached hereto as "Exhibit A",

supports a reasonable sentence of no more than five (5) years. By all indications and reports, Mr. Mazza is a compassionate, respectful, caring, selfless member of his community; a loving husband and father, who now faces ostracism and public shame for his conduct.

Mr. Mazza, a veteran of the United States Marine Corps, has no prior criminal record and in light of his age and characteristics, the likelihood of recidivism is vastly diminished. It should also be noted that even though Mr. Mazza was charged and pled guilty to distribution, the conduct involved passive peer to peer sharing via an internet file sharing website rather than an active role of distribution as the word generally contemplates. Mr. Mazza recognizes that this does not excuse his criminal conduct, but offers it as a mitigating factor for this court's consideration. This conviction will severely impact his life as well as his wife as he will be required to register as a sex offender. Thus, his ability to live and and work freely will be forever altered. Mr. Mazza is not only very ashamed of his behavior and his complete lack of judgment, but he is extremely remorseful and welcomes the mental health treatment that he obviously needs during his service of imprisonment as well as any subsequent treatment deemed necessary while on supervision.

As demonstrated in his medical records attached hereto as Exhibit "B", Mr. Mazza currently suffers from depression; emphysema; hypercholesterolemia and

COPD. Given Mr. Mazza's age and chronic health issues, a sentence of five years is reasonable under these circumstances.

Recently, on June 29, 2016, in *United States v. Collins*, attached hereto as Exhibit "C", the Sixth Circuit upheld a downward variance from 262-327 months to the mandatory minimum of 60 months for a defendant who was convicted at trial of receiving and distributing and possessing child pornography. In *Collins*, the trial Judge revealed at sentencing that he had polled the jury after the verdict as to the appropriate sentence. Responses ranged from 0 to 60 months, with a mean of 14.5 months and a median of 8 months. All but one juror recommended a sentence less than half the mandatory minimum. The Judge adequately considered all of the § 3553(a) factors, including deterrence and considered the defendant's personal characteristics.

Based on the factors set act in § 3553(a), notably Mr. Mazza's personal characteristics; the nature of the offense which involved passive peer to peer file sharing; his mental and medical condition; his age; lack of a criminal record and a less likelihood of recidivism, a sentence of five (5) years is adequate to punish Mr. Mazza for his criminal conduct, with the hope that he will have an opportunity to resume his life as a productive, law abiding citizen.

## Conclusion

Mr. Mazza respectfully requests based on the above that this Honorable Court impose the most reasonable and just sentence under the facts and circumstances of this case – a sentence of five (5) years of imprisonment.

Dated: This 8th day of July, 2016.

>Respectfully submitted,
>
>s/ *Allison C. Dawson*
>Allison C. Dawson
>Georgia State Bar No. 171940
>Attorney for NICHOLAS MAZZA

Federal Defender Program, Inc.
Suite 1500, Centennial Tower
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
(404) 688-0768 fax
allison_dawson@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that today, I electronically filed the foregoing Sentencing Memorandum with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record upon:

>Paul Jones, Esq.
>Assistant United States Attorney
>600 Richard B. Russell Building
>75 Spring Street, S.W.
>Atlanta, GA  30303

Dated:  This 8th day of July, 2016.

>s/ *Allison C. Dawson*
>Allison C. Dawson
>Georgia State Bar No. 171940
>Attorney for NICHOLAS MAZZA