## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| NICHOLAS MAZZA, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:14-CR-0446-LMM-JFK-1 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:18-CV-0423-LMM-JFK |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

Movant, Nicholas Mazza, seeks via 28 U.S.C. § 2255 to challenge the constitutionality of his conviction and sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate [54], Respondent's second answer-response [59], and Movant's reply thereto [62].[1]

---

[1]After receiving Respondent's initial response, the Court required Respondent to file an additional response to address Movant's ineffective assistance of counsel claim and timeliness. (Order of Apr. 12, 2018, ECF No. 58).

## I. Background

By judgment entered on July 18, 2016, the Court imposed on Movant an eighty-seven month term of imprisonment and a ten-year term of supervised release. (J., ECF No. 48). The record does not show that Movant filed a direct appeal.

On January 22, 2018, Movant submitted his § 2255 motion for filing. (Mot. to Vacate at 12, ECF No. 54). Movant asserts (1) that his counsel performed ineffectively by failing to review Movant's judgment and commitment order (which did not mention Movant's time already served, a matter Movant noticed upon reaching prison) and failing to advise Movant to appeal and (2) that the requirement that ineffective assistance of counsel be raised outside the direct appeal process, coupled with lack of counsel to assist in filing a § 2255 motion, deprived him of any meaningful opportunity to raise ineffective assistance of counsel. (Id., Grounds One and Two). Movant asserts that under Buck v. Davis, _ U.S. _, 137 S. Ct. 759 (2017), his motion is timely. (Mot. to Vacate at 11).

Respondent argues, *inter alia*, that this action should be dismissed as untimely. (Resp't Second Resp. at 4-9, ECF No. 59). Movant, relying on Trevino v. Thaler, 569 U.S. 413 (2013), and Buck, replies that the court's practice of requiring ineffective assistance claims to be brought in § 2255 proceedings and the fact that he did not have

2

counsel during the time period for seeking review of his ineffective assistance claim provides cause for any default or untimeliness of his claims. (Mov't Reply at 2-3, ECF No. 62).

## II. Discussion

Under the Antiterrorism and Effective Death Penalty Act's ("AEDPA"), a one-year statute of limitations applies to § 2255 motions. Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017). The one-year statute of limitations runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The one-year statute of limitations is subject to equitable tolling if the movant shows "(1) that he has been pursuing his rights diligently, and (2) that some

3

extraordinary circumstance stood in his way and prevented timely filing." Thomas v. Attorney Gen., Fla., 795 F.3d 1286, 1291 (11th Cir. 2015) (quoting Holland v. Florida, 560 U.S. 631, 649 (2010)) (internal quotation marks omitted).  In addition, under the fundamental miscarriage of justice standard, actual innocence provides an exception to the limitations period, "but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" Gore v. Crews, 720 F.3d 811, 817 (11th Cir. 2013) (quoting McQuiggin v. Perkins, _ U.S. _, _, 133 S. Ct. 1924, 1933 (2013)).

In Buck, relied on by Movant and decided on February 22, 2017, the court discussed the following rule –

> "[W]hen a state formally limits the adjudication of claims of ineffective assistance of trial counsel to collateral review, a prisoner may establish cause for procedural default if (1) "the state courts did not appoint counsel in the initial-review collateral proceeding," or "appointed counsel in [that] proceeding . . . was ineffective . . . "; and (2) "the underlying . . . claim is a substantial one, which is to say that . . . the claim has some merit."

Id., _ U.S. at _, 137 S. Ct. at 771 (second alteration in original) (quoting Martinez v. Ryan, 566 U.S. 1, 14 (2012)). In Buck, the court applied the Martinez rule – as it had been further developed in Trevino, 569 U.S. at 429 – and determined that the state had

4

waived any question on whether the rule applied retroactively on collateral review. Buck, _ U.S. at _, 137 S. Ct. at 780.

Under § 2255(f)(1), Movant's conviction became final on August 1, 2016, on expiration of the fourteen day time-period for filing an appeal from the July 18, 2016, judgment against him, and his § 2255 motion was due by August 1, 2017. See Fed. R. App. P. 4(b)(1)(A). There is no indication that § 2255(f)(2) or (4) or the actual innocence exception apply. Sub-section 2255(f)(3) also is inapplicable in that Movant does not show that he filed his motion to vacate within one year of the date on which the United States Supreme Court recognized a new right.[2] Further, Movant's argument, based on his *pro se* status, does not show an extraordinary circumstance that entitles him to an adjustment of the limitations period based on equitable tolling. See Johnson v. Warden, No. 17-12989, 2018 WL 3063860, at *4 (11th Cir. June 21, 2018) (stating that *pro se* status does not entitle litigant to equitable tolling "as *pro se* litigants are responsible for knowing and complying with the statute of limitations"); Hess v. Sec'y, Dep't of Corr., No. 16-14118-E, 2017 WL 6607169, at *2 (11th Cir. Oct. 18, 2017) ("[T]his Court has held that *pro se* status and ignorance of the law do not

---

[2] Buck, decided in 2017, applied the rule developed in Martinez and Trevino and did not create a new right in regard thereto.

5

warrant equitable tolling."); Jones v. United States, 304 F.3d 1035, 1044 (11th Cir. 2002) ("[I]gnorance of the law is [an] insufficient rationale for equitable tolling[.]" (citing Felder v. Johnson, 204 F.3d 168, 171-73 (5th Cir. 2000))).

Additionally, although, as stated in Martinez, lack of counsel can provide cause for a state procedural default, Movant's argument that lack of counsel can provide cause to excuse untimeliness fails. "[W]hen and how 'cause' might excuse noncompliance with a state procedural rule is wholly inapplicable" to application of the federal one-year limitations period. Arthur v. Thomas, 739 F.3d 611, 630-31 (11th Cir. 2014) (no citation provided). As recently explained in Lombardo v. United States, 860 F.3d 547 (7th Cir. 2017), cert. denied, _ U.S. _, 138 S. Ct. 1032 (2018) –

> Martinez arose in the context of procedural default, and established a framework by which state prisoners could establish cause and prejudice to excuse their procedural default and thus present claims in a federal habeas petition that they failed to present to the state courts. However, even state prisoners who meet that standard, and can thus present their claims in federal court without being procedurally defaulted, must still file their petition in federal court within the statute of limitations. In that sense they are in the same boat as federal prisoners, who never face procedural default for ineffective-assistance claims[.]

Lombardo, 860 F.3d at 557. Accordingly, Movant's § 2255 motion to vacate was due by August 1, 2017, and his current motion, submitted for filing on January 22, 2018, is untimely.

6

AO 72A
(Rev.8/82)

### III. Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, the prisoner in order to obtain a COA, still must show both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Lambrix v. Sec'y, DOC, 872 F.3d 1170, 1179 (11th Cir.) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), cert. denied, _ U.S. _, 138 S. Ct. 312 (2017).

It is recommended that a COA is unwarranted because based on the record before the Court it is not reasonably debatable that Movant's motion to vacate is untimely. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of

7

appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## IV. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion [54] to vacate, set aside, or correct his federal sentence be **DENIED** and **DISMISSED** as untimely, and that a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 16th day of July, 2018.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE